**FILED**
NOV 1 5 2007
NOV 15 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE AUTOMOBILE MECHANICS LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND, ) ) ) ) ) Plaintiffs, ) ) v. ) ) JUANITA SWEATT and ERIC SWEATT, JR., a Minor Child through his Parent and Guardian, TRINA DUNCAN, ) ) ) ) Defendants. ) | 07CV6488 JUDGE GOTTSCHALL MAG. JUDGE COLE |

COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

Plaintiffs, Board of Trustees of the Automobile Mechanics Local No. 701 Union and Industry Welfare Fund (hereinafter Trustees), by their attorneys, Hugh B. Arnold, Steven McDowell and Arnold and Kadjan, seek a ruling on interpleader and a declaration of the rights, legal obligations and extent of the Automobile Mechanics Local No. 701 Union and Industry Welfare Fund's (hereinafter Welfare Fund or Fund) liability with respect to the competing claims of Defendants, Juanita Sweatt and Eric Sweatt, Jr., through his Parent and Guardian, Trina Duncan, to the proceeds payable under a death benefit provided under the terms of the Welfare Fund.

JURISDICTION AND VENUE

1. Personal and subject matter jurisdiction over this action is based upon 29 U.S.C. § 1132(a)(3), which authorizes ERISA Plan fiduciaries to enforce the terms of the Plan through an interpleader or declaratory judgment action to determine the extent of the

Plan's liability to putative beneficiaries. This action is brought under the procedural devices of a declaratory judgment under 28 U.S.C. § 2201 and interpleader under Federal Rule of Civil Procedure 22.

2. Venue is founded, pursuant to 29 U.S.C. § 1132(e)(2), in this District where the Plan is administered and where one of the Defendants resides.

## THE PLAINTIFF

3. The Plaintiffs, Board of Trustees of the Automobile Mechanics Local No. 701 Union and Industry Welfare Fund are fiduciaries of the Fund under 29 U.S.C. § 1002(21)(A). Plaintiffs, as Plan fiduciaries, have standing to bring suit to enforce and effectuate the terms of the Fund's Plan by obtaining a ruling on interpleader or declaratory judgment to determine the extent of the Fund's liability under 29 U.S.C. § 1132(a)(3)(B) with respect to competing claims presented by putative Frund beneficiaries.

4. The Welfare Fund, of which Plaintiffs are Trustees and Fiduciaries, has been established pursuant to a Trust Agreement entered into between Automobile Mechanics Local Union 701 and certain employer associations. The Fund is maintained and administered in accordance with and pursuant to Section 302 of the National Labor Relations Act, as amended, 29 U.S.C. § 186, the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et. seq., and other applicable state and federal law. The Fund is administered by its presently acting Board of Trustees pursuant to the terms and provisions of the Trust Agreement which establishes the Fund.

## THE DEFENDANTS

5. Defendant, Juanita Sweatt, is a resident of this judicial district and, to the knowledge of the Trustees, was the mother of deceased Fund Participant, Eric Sweatt.

6. Defendant, Eric Sweatt, Jr., is a minor child who is before this Court through his parent and guardian, Trina Duncan, is a resident of this judicial district and is listed on a beneficiary card as the beneficiary of a death benefit payable under the Welfare Fund upon the death of Eric Sweatt.

## THE CLAIM

7. Eric Sweatt was, at the time of his death, on or about February 11, 2007, a Participant in the Welfare Fund.

8. One of the benefits provided under the Welfare Fund's plan is a death benefit paying a $20,000.00 sum to the Beneficiary upon the death of a Participant.

9. Under the Welfare Fund's plan the Beneficiary of Eric Sweatt is entitled to payment of the $20,000.00 death benefit.

10. The Fund's files include a Beneficiary Designation Form for Eric Sweatt, which lists minor child, Eric Sweatt, Jr., as beneficiary for the $20,000 death benefit. This is the last Beneficiary Designation Form executed by Eric Sweatt contained in the Plan's files.

11. Based upon information provided the Fund Office, Juanita Sweatt, the mother of Eric Sweatt, and presumably an heir of Eric Sweatt, contests the payment of the death benefit to the minor child, Eric Sweatt, Jr., based upon court proceedings, including a paternity test, demonstrating that Eric Sweatt was not the father of Eric Sweatt, Jr.

12. The claims of the two Defendants, Juanita Sweatt and the minor child, Eric Sweatt, Jr., are adverse because the Trustees may not honor one Defendant's claim without dishonoring the other Defendant's claim.

13. The presence of a claim to payment of the death benefit by Defendant, Juanita Sweatt, who is not listed as the beneficiary of the death benefit under the last beneficiary card executed by Eric Sweatt, presents a sufficient risk of multiple litigation or liability that the Trustees feel constrained to proceed with this action for an interpleader and declaration of rights to avoid such litigation or liability.

WHEREFORE, Plaintiffs request the following relief:

A. That Defendants be restrained from instituting any action against Plaintiffs for the recovery of the amount of the death benefit under the Fund or any part thereof.

B. That Defendants be required to interplead and settle between themselves their rights to the money due pursuant to the death benefit provision of the Welfare Fund and that Plaintiffs be discharged from all liability, other than the payment of a single death benefit for the death of Eric Sweatt pursuant to the terms of the Welfare Fund.

C. That this Court declare the rights of the parties concerning the benefits due with respect to the death of Participant, Eric Sweatt.

D. That this Court, if it deems appropriate in the exercise of its discretion, appoint a guardian ad litem for minor child, Eric Sweatt, Jr.

E.  That this Court grant such further relief as is just and proper.

                              BOARD OF TRUSTEES OF THE
                              AUTOMOBILE MECHANICS LOCAL NO.
                              701 WELFARE FUND

By: _____
       One of Their Attorneys

Hugh B. Arnold
Steven F. McDowell
Arnold & Kadjan
19 West Jackson Boulevard
Chicago, Illinois 60604
Phone:  (312) 236-0415
ATTORNEYS FOR PLAINTIFFS

5