IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE AUTOMOBILE MECHANICS LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND, <br><br> v. <br><br> JUANITA SWEATT and ERIC SWEATT, JR., a Minor Child through his parent and Guardian, TRINA DUNCAN, <br><br> Defendants. | NO.   07 CV 6488 |

**ANSWER TO**
**COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF**

Defendant, JUANTIA SWEATT, by her attorney, GLENDA J. GRAY, answering the Plaintiff's Complaint seeking a ruling on an interpleader and a declaration of the rights, legal obligations and extent of the Automobile Mechanics Local No. 701 Union and Industry Welfare Fund's (hereinafter Welfare Fund or Fund) liability with respect to the competing claims of Defendants, Juanita Sweatt and Eric Sweatt, Jr., through his Parent and Guardian, Trina Duncan, to the proceeds payable under a death benefit provided under the terms of the Welfare Fund and answers as follows:

JURISDICTION AND VENUE

1. Personal and subject matter jurisdiction over this action is based upon 29 U.S.C. § 1132(a)(3), which authorizes ERISA Plan fiduciaries to enforce the terms of the Plan through an interpleader or declaratory judgment action to determine the extent of the Plan's liability to putative beneficiaries. This action is brought under the procedural devices of a declaratory judgment under 28 U.S.C. § 2201 and interpleader under Federal Rule of Civil Procedure 22.

**ANSWER: Defendant admits.**

2. Venue is founded, pursuant to 29 U.S.C. § 1132(e) (2), in this District where the Plan is administered and where one of the Defendants resides.

**ANSWER:  Defendant admits.**

THE PLAINTIFF

   3. The Plaintiffs, Board of Trustees of the Automobile Mechanics Local No. 701 Union and Industry Welfare Fund are fiduciaries of the Fund under 29 U.S.C. § 1002(21)(A). Plaintiffs, as Plan fiduciaries, have standing to bring suit to enforce and effectuate the terms of the Fund's Plan by obtaining a ruling on interpleader or declaratory judgment to determine the extent of the Fund's liability under 29 U.S.C.§ 1132(a)(3)(B) with respect to competing claims presented by putative fund beneficiaries.

**ANSWER:  Defendant is without sufficient information to admit or deny that the Plaintiff is a fiduciary of the Fund therefore; she is unable to admit or deny that the Plaintiff has standing and therefore demands strict proof thereof.  However, the Defendant does admit that if the Plaintiff is a fiduciary of the Fund that it would have standing.**

   **4.** The Welfare Fund, of which Plaintiffs are Trustees and Fiduciaries, has been established pursuant to a Trust Agreement entered into between Automobile Mechanics Local Union 701 and certain employer associations.  The Fund is maintained and administered in accordance with and pursuant to Section 302 of the National Labor Relations Act, as amended, 29 U.S.C. § 186, THE Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, <u>et. Seq</u>., and other applicable state and federal law.  The Fund is administered by its presently acting Board of Trustees pursuant to the terms and provisions of the Trust Agreement which establishes the Fund.

**ANSWER:  Defendant is without sufficient information to form admit or deny and therefore demands strict proof thereof.**

THE DEFENDANTS

   5. Defendant, Juanita Sweatt, is a resident of this judicial district and, to the knowledge of the Trustees, was the mother of deceased Fund Participant, Eric Sweatt.

**ANSWER:  Defendant admits.**

6. Defendant, Eric Sweatt, Jr., is a minor child who is before this Court through his parent and guardian, Trina Duncan, is a resident of this judicial district and is listed on a beneficiary card as the beneficiary of a death benefit payable under the Welfare Fund upon the death of Eric Sweatt.

**ANSWER: Defendant admits.**

## THE CLAIM

7. Eric Sweatt was, at the time of his death, on or about February 11, 2007, a Participant in the Welfare Fund.

**ANSWER: Defendant admits.**

8. One of the benefits provided under the Welfare Fund's plan is a death benefit paying a $20,000.00 sum to the Beneficiary upon the death of a Participant.

**ANSWER: Defendant admits.**

9. Under the Welfare Fund's plan the Beneficiary of Eric Sweatt is entitled to payment of the $20,000.00 death benefit.

**ANSWER: Defendant admits.**

10. The Fund's files include a Beneficiary Designation Form for Eric Sweatt, which lists minor child, Eric Sweatt, Jr., as beneficiary for the $20,000 death benefit. This is the last Beneficiary Designation Form executed by Eric Sweatt contained in the Plan's files.

**ANSWER: Defendant admits.**

11. Based upon information provided the Fund Office, Juanita Sweatt, the mother of Eric Sweatt, and presumably an heir of Eric Sweatt, contests the payment of the death benefit to the minor child, Eric Sweatt, Jr., based upon court proceedings, including a paternity test, demonstrating that Eric Sweatt was not the father of Eric Sweatt, Jr.

**ANSWER: Defendant admits.**

12. The claims of the two Defendants, Juanita Sweatt and the minor child, Eric Sweatt, Jr., are adverse because the Trustees may not honor one Defendant's claim without dishonoring the other Defendant's claim.

**ANSWER: Defendant admits.**

13. The presence of a claim to payment of the death benefit by Defendant, Juanita Sweatt, who is not listed as the beneficiary of the death benefit under the last beneficiary card executed by Eric Sweatt, presents a sufficient risk of multiple litigation or liability that the Trustees feel constrained to proceed with this action for an interpleader and declaration of rights to avoid such litigation or liability.

**ANSWER: Defendant denies and states that the Mother and next best friend of the alleged Eric Sweatt, Jr. is willing to consent to the insurance proceeds being paid to Juanita Sweatt.**

WHEREFORE, Defendant, JUANITA SWEATT requests the following relief:

A. That Defendant, Trina Duncan, Mother and next best friend of the child formerly known as ERIC SWEATT, JR. as well as the person formerly known as ERIC SWEATT, JR. be restrained from instituting any action against Plaintiffs for the recovery of the amount of the death benefit under the Fund or any part thereof.

B. That the Plaintiff be ordered to pay forthwith the proceeds of said policy to Juanita Sweatt the next of kin of the decedent, ERIC SWEATT.

That the Plaintiffs be discharged from all liability, other than the payment of a single death benefit for the death of Eric Sweatt pursuant to the terms of the Welfare Fund.

C. That this Court declares the rights of the parties concerning the benefits due with respect to the death of participant, Eric Sweatt.

D. That this Court, if it deems appropriate in the exercise of its discretion, appoint a guardian ad litem for minor child, Eric Sweatt, Jr.

    E.    That this Court grants such further relief as is just and proper.

    JUANITA SWEATT

By:   /s/ Glenda J. Gray
       One of her Attorneys

Glenda J. Gray
Attorney for Defendant
LAW OFFICE OF GLENDA J. GRAY
330 N. Wabash
Suite 2618
Chicago, Illinois 60611
(312) 755-1010